IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWNTAE BERRY<br>c/o David W. Neel, Esq.<br>13800 Shaker Blvd., Ste. 102<br>Cleveland, Ohio 44120<br><br>        Plaintiff,<br><br>   vs.<br><br>BLOCK BY BLOCK, INC.<br>c/o CT Corporation System, Statutory Agent<br>4400 Easton Commons Way, Ste. 125<br>Columbus, Ohio 43219<br><br>        Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br>COMPLAINT<br><br><br><br>JURY TRIAL DEMAND ENDORSED<br>HEREON |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, ("Title VII"), as amended, 42 U.S.C. §§2000e et seq. and under the law of Ohio, Ohio Revised Code Chapter 4112, to remedy unlawful retaliation, to remedy unlawful employment discrimination on the basis of gender, and to provide appropriate relief to Plaintiff Shawntae Berry ("Plaintiff").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this civil action under 28 U.S.C. §1331 and 28 U.S.C. §1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

2. Venue is proper in the United States District Court for the Northern District of Ohio under 28 U.S.C. § 1391(b) because at all relevant times Defendant has done business in the Northern District of Ohio, it employed Plaintiff in the Northern District of Ohio, and the alleged unlawful employment actions giving rise to Plaintiff's claims occurred and/or were committed in

this judicial district.

## PARTIES

3. Plaintiff is a female currently residing in Cuyahoga County, Ohio and was, at all relevant times, an employee of Defendant Block by Block, Inc. ("Defendant").

4. At all relevant times, Defendant has been and is a for-profit corporation incorporated in the State of Ohio, doing business in Cleveland, Ohio, Cuyahoga County, and has continuously had at least fifteen employees. In Cleveland, Block by Block provides cleaning and safety services to the Downtown Cleveland Alliance.

5. Plaintiff filed a timely charge of gender discrimination and retaliation with the Equal Employment Opportunity Commission (the "EEOC") and received a Notice of Right to Sue less than ninety (90) days before the filing of this Complaint. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL BACKGROUND

6. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

7. Plaintiff was employed by Defendant and/or its predecessors for approximately 15 years until her termination by Defendant on or about September 22, 2021. Plaintiff worked for Defendant as an Operations Supervisor at the time of her termination.

8. Plaintiff's direct supervisor was Operations Manager Steve Schultz. Schultz reported to Vice President of Operations Brian Perkins.

9. On or about October 5, 2020 Plaintiff submitted a request for time off on November 17, 2020. Schultz denied her request despite the fact that Plaintiff had routinely requested and received days off with pay. Plaintiff questioned Schultz as to the reason he had denied her time off request, but Schultz failed to provide a legitimate explanation.

10. On or about November 18, 2020 Plaintiff again questioned Schultz regarding the denial of time off, reminding him that for years he had approved her requests. Schultz stated that company policy had changed and that he could not give her a day off with pay, even though Schultz himself often took days off whenever he wanted.

11. Schultz's demeanor became increasingly hostile toward Plaintiff. Plaintiff, therefore, submitted a written complaint on or about April 30, 2021 regarding Schultz's attitude toward her, but his hostile behavior continued.

12. On or about July 25, 2021 Plaintiff submitted a request for time off on five days, but Schultz on July 30, 2021 refused to approve the request for three of the days. Ms. Berry emailed VP Perkins on July 30, 2021 requesting an in person meeting to discuss Schultz's more favorable treatment of comparable male employees, who received approved time off whenever requested without following company policy.

13. A meeting was scheduled for August 10, 2021 but Perkins canceled it. On August 18, 2021, Plaintiff spoke with Perkins and raised her concerns about hostility by Schultz and more favorable treatment of comparable male employees. Perkins promised to investigate. Based upon information and belief Perkins never investigated Plaintiff's complaint.

14. On or about September 21, 2021, Schultz summoned Plaintiff to his office. Perkins was present. Schultz and Perkins presented Plaintiff with a termination notice based on alleged incidents supposed to have occurred on July 25, August 19, and on or about September 13, 2021. The allegations were completely false and Plaintiff so informed Schultz and Perkins.

15. Respondent had not previously informed Plaintiff about such incidents in contravention of Defendant's progressive discipline policy.

16. The alleged incident on or about September 13, 2021 involved an assignment for which two male employees were responsible. Those male employees were not terminated as a result of their actions and/or inactions.

### COUNT I -- TITLE VII – 42 U.S.C. 2000e-3(a)
### RETALIATION

17. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

18. Plaintiff engaged in protected activity when she complained about unlawful discrimination in the form of more favorable treatment of male employees.

19. Defendant knew about Plaintiff's protected activities because she complained on more than one occasion to VP Perkins about more favorable treatment of male employees.

20. Defendant took an adverse employment action against her, i.e., termination, that would dissuade a reasonable worker from complaining about discrimination.

21. A causal connection exists between Plaintiff's protected activities and the adverse employment action.

22. Defendant retaliated against Plaintiff for opposing what she reasonably and in good faith believed was an unlawful employment practice, i.e., denial of benefits and privileges of employment and unequal terms.

23. By it actions and inactions Defendant violated 42 U.S.C. §2000e-3(a), which makes it unlawful for an employer to discriminate against an employee because she has opposed an unlawful employment practice.

24. As a result of Defendant's actions and inactions, Plaintiff suffered lost wages and benefits, promotional opportunities, and compensatory damages.

25. Defendant acted with malice and/or with reckless indifference to Plaintiff's federally protected rights, in that it retaliated against Plaintiff in the face of a perceived risk that its actions would violate federal law, thereby entitling Plaintiff to an award of punitive damages.

### COUNT II -- OHIO REVISED CODE § 4112.02(A)(I)
### RETALIATION

26. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

27. By it actions and inactions as set forth in Count I, Defendant violated Ohio Revised Code § 4112.02(A)(I), which makes it unlawful for an employer to discriminate in any manner against an employee based on opposition to an unlawful discriminatory employment practice.

28. As a result of Defendant's actions and inactions, Plaintiff suffered lost wages and benefits, promotional opportunities, and compensatory damages.

29. Defendant acted with malice, thereby entitling Plaintiff to an award of punitive damages.

### COUNT III – TITLE VII – 42 U.S.C. 2000e-2(a)(1)
### GENDER DISCRIMINATION

30. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

31. Plaintiff is a member of a protected class.

32. Plaintiff was qualified for her Operations Supervisor position.

33. Plaintiff suffered an adverse employment action in the form of termination from employment.

34. Defendant terminated Plaintiff because of gender in violation of 42 U.S.C. § 2000e-2(a)(1).

35. Defendant also discriminated against Plaintiff by refusing to grant her time off requests while routinely approving, allowing and/or granting time off for male employees.

36. By it actions and inactions, Defendant violated 42 U.S.C. 2000e-2(a)(1), which makes if unlawful for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to the terms, conditions, or privileges of employment because of sex.

37. As a result of Defendant's actions and inactions, Plaintiff suffered lost wages and benefits, promotional opportunities, and compensatory damages.

38. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights, in that it discriminated against Plaintiff in the face of a perceived risk that its actions would violate federal law, thereby entitling Plaintiff to an award of punitive damages.

### COUNT IV – OHIO REVISED CODE § 4112.02

39. Plaintiff hereby reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

40. By it actions and inactions as set forth in Count III, Defendant violated Ohio Revised Code § 4112.02(A), which makes it unlawful for any employer to discriminate against an employee because of sex with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

41. As a result of Defendant's actions and inactions, Plaintiff suffered lost wages and benefits, promotional opportunities, and compensatory damages.

42. Defendant acted with malice, thereby entitling Plaintiff to an award of punitive damages.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Order Defendant to make Plaintiff whole, with appropriate back pay, front pay, benefits and other appropriate relief in amounts to be determined at trial.

B. Award compensatory damages in an amount to be determined at trial.

C. Award Plaintiff punitive damages.

D. Award Plaintiff pre-judgment and post-judgment interest on all sums awarded.

E. Award Plaintiff the costs of this action, including reasonable attorney's fees; and

F. Award, order and grant Plaintiff such other legal and equitable relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ David W. Neel*
David W. Neel (0033611)
David W. Neel, LLC
13800 Shaker Blvd., Suite 102
Cleveland, Ohio 44120
Telephone: (216) 522-0011
Telecopier: (844) 548-3570
dwneel@neellaw.com

*Attorney for Plaintiff Shawntae Berry*

## JURY DEMAND

Plaintiff requests a jury trial on all issues as to which she is entitled to a jury.

*/s/ David W. Neel*
David W. Neel (0033611)